WALTER M. PETITFILS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37763. Promulgated December 7, 1931.

*Claude I. Parker, Esq., George H. Koster, Esq.,* and *J. B. Milliken, Esq.,* for the petitioner.

*J. E. Marshall, Esq.,* for the respondent.

OPINION.

MATTHEWS: The only issue raised in this proceeding is whether the profit realized upon the sale of certain assets to Petitfils Confiserie, including the leasehold, the tangible property and the good will of the business which had been conducted by the petitioner individually at 613–615 South Broadway, Los Angeles, Calif., was income to the petitioner. It is the petitioner's contention that he transferred the assets in question to W. M. Petitfils, Inc., and thereafter acted as trustee or agent for W. M. Petitfils, Inc., in disposing of these assets to Petitfils Confiseri. The respondent questions the *bona fides* of the purported sale from petitioner to W. M. Petitfils, Inc., and further contends that the offer and acceptance under the circumstances were insufficient to pass title to W. M. Petitfils, Inc. It is also claimed by the respondent that for all intents and purposes petitioner and W. M. Petitfils, Inc., were one and the same entity and that petitioner did not contemplate that he should be deprived of anything by the organization of W. M. Petitfils, Inc.

The assets which petitioner agreed to transfer to W. M. Petitfils, Inc., in exchange for the capital stock of that corporation were listed by him as having a net worth of $1,439,651.16, and included property owned by him other than that used in connection with the operation of the cafe and confectionery business at 613–615 South Broadway.

The record indicates that the petitioner's object in organizing W. M. Petitfils, Inc., was to protect the business which he had been successfully operating as an individual and to turn over to that corporation all of his assets. Petitioner testified that he had considered the matter for perhaps two years before deciding to incorporate "himself," and that because of the size of the business he thought it best for himself and for his business to operate it through the corporation. Petitioner further testified that he did not remember whether he executed a bill of sale conveying the assets involved herein to W. M. Petitfils, Inc., and that it did not make any difference because it was a personal affair.

We think it is clear that although petitioner may have intended to turn over all his assets to W. M. Petitfils, Inc., at the time this corporation was organized, the proceedings taken by him were not legally adequate to accomplish that purpose. The petitioner's claim that title to the assets involved herein passed to W. M. Petitfils, Inc., and that any profit arising out of the sale of these assets to Petitfils Confiserie represented income to W. M. Petitfils, Inc., is not supported by the evidence.

We have found that the petitioner offered to sell to W. M. Petitfils, Inc., all his assets, including the leasehold and the good will of the business located at 613–615 South Broadway and the merchandise and equipment used in the business, and this offer was accepted by the corporation, but no bill of sale or other instrument of conveyance appears to have been given by the petitioner to the corporation. The lease under which petitioner occupied the premises provided that it could be assigned only with the written assent of the lessor, and petitioner never procured the lessor's assent to assigning the lease to W. M. Petitfils, Inc. Petitioner had previously obtained the lessor's assent to assign the lease to Petitfils Confiserie, and was unwilling to pay any further sum for the lessor's assent to a transfer of the lease to W. M. Petitfils, Inc. Book entries were made recording the transfer of petitioner's assets to W. M. Petitfils, Inc., as of May 1, 1923. The corporation reported income from the operation of the restaurant and candy-manufacturing business from May 1, 1923, to June 17, 1923. The capital stock in the amount of $450,000 which the corporation agreed to issue to the petitioner was not issued until several months after the assets in question were transferred to Petitfils Confiserie.

Before the issuance of this stock petitioner had decided to combine his cafe and confectionery business with that of the Brown Candy Corporation and had obtained the consent of W. M. Petitfils, Inc., to transfer to Petitfils Confiserie the assets used in the business which he had conducted as an individual at 613–615 South Broadway for

$250,000 plus 3,150 shares of the capital stock of Petitfils Confiserie, it being agreed between petitioner and W. M. Petitfils, Inc., that he would execute and deliver a declaration of trust and hold the proceeds of the sale to Petitfils Confiserie for the benefit of W. M. Petitfils, Inc. We think that although petitioner had originally agreed to sell all his assets to W. M. Petitfils, Inc., the effect of the consent of this corporation to the transfer by the petitioner · to Petitfils Confiserie of those assets used in the café and confectionery business was to substitute for such assets the amount which petitioner was to receive therefor from Petitfils Confiserie, namely, 3,150 shares of the capital stock of Petitfils Confiserie and its note for $250,000. The petitioner in his dealings with Petitfils Confiserie did not intimate that he had agreed to transfer his business to W. M. Petitfils, Inc., but, on the contrary, it appears that he represented himself to be the sole owner of the business, and the assets in question were conveyed to Petitfils Confiserie by the petitioner and not by W. M. Petitfils, Inc. The sale to Petitfils Confiserie is not reflected in the income-tax return filed for 1923 by W. M. Petitfils, Inc. The execution by the petitioner of the declaration of trust quoted in our findings of fact is not sufficient to show that any profit derived from the transaction was income to W. M. Petitfils, Inc., instead of to the petitioner.

We do not need to consider the *bona fides* of the purported sale by the petitioner to W. M. Petitfils, Inc., because we have found that the agreement to sell was not consummated in accordance with the terms of petitioner's offer of May 8, 1923, but was expressly modified by the parties so as to except those assets which were used in petitioner's cafe and confectionery business.

We conclude that the profit resulting from the sale of the lease and business to Petitfils Confiserie represented income to the petitioner.

*Judgment will be entered for the respondent.*